IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELESTE J. WILLAMS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-2220-LPS |
| | : |
| WELLS FARGO BANK NATIONAL | : |
| HEADQUARTERS, et al., | : |
| | : |
| Defendants. | : |

Celeste J. Williams, New Castle, Delaware, Pro Se Plaintiff.

Jessica C. Watt, Esquire, Ballard Spahr LLP, Wilmington, Delaware. Counsel for Defendant Wells Fargo Bank, N.A.

Timothy S. Martin, Esquire, Margo E. Meta, Esquire, and Sean P. Mahoney, Esquire, White & Williams, Wilmington, Delaware. Counsel Defendant National Union Fire Insurance Company.

**MEMORANDUM OPINION**

March 2, 2021
Wilmington, Delaware

*[signature]*
STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Celeste J. Williams ("Plaintiff"), who proceeds *pro se*, commenced this action on December 3, 2019. (D.I. 2) She asserts jurisdiction by reason of diversity of the parties under 28 U.S.C. § 1332. (*Id.* at ¶ 12) Before the Court are Defendants' motions to dismiss. (D.I. 13, 26)

## II. BACKGROUND

Plaintiff filed this action against Wells Fargo Bank, N.A. ("Wells Fargo") – improperly named as Wells Fargo Bank National Headquarters and Wells Fargo Bank Local Branch – and its alleged insurer, National Union Fire Insurance Company (AIG) ("National Union"), alleging she was a victim of "various financial crimes, including computer fraud and other fraudulent transfers of funds" to a company called MOBE (*i.e.*, My Online Business Education).[1] (D.I. 2 at ¶¶ 2, 3) The Complaint raises the following claims: (1) declaratory relief against Wells Fargo and National Union (*id.* at ¶¶ 45-52); (2) declaratory relief against an anonymous undisclosed insurer (*id.* at ¶¶ 53-60); (3) breach of contract against National Union and/or Wells Fargo (*id.* at ¶¶ 61-67); (4) anticipatory breach of contract against an anonymous undisclosed insurer and Wells Fargo (*id.* at ¶¶ 68-74); and (5) violations of the Delaware Insurance Code against an anonymous undisclosed insurer, National Union, and Wells Fargo (*id.* at ¶¶ 75-82).

---

[1] MOBE is not a named defendant. The Court takes judicial notice that the Federal Trade Commission ("FTC") filed suit against MOBE and alleged it operated a fraudulent internet business education program that claimed it would reveal to consumers a "simple 21-step system that will show consumers how to quickly and easily start their own online business and make substantial income." According to the FTC, MOBE defrauded thousands of consumers who collectively paid MOBE over $125,000,000 based on its misrepresentations. *See Federal Trade Comm'n v. MOBE Ltd.*, 2020 WL 8461572, at *1 (M.D. Fla. Dec. 8, 2020), report and recommendation adopted, 2021 WL 50335 (M.D. Fla. Jan. 6, 2021) (entering judgment for FTC in amount of $318,512,336); *see also* www.bernet-receiver.com (Receiver's web-site for submitting claims).

1

Plaintiff alleges that as a direct result of targeted consumer fraud, one or more unknown bad actors used a multilevel marketing scheme to obtain and to alter her account credentials and to cause her to allow that her bank (*i.e.*, Wells Fargo) to forward funds to their bank. (*Id.* at ¶¶ 5, 30) As alleged, Plaintiff, a consumer and retail banking customer of Wells Fargo, provided sums to Wells Fargo to process from her account to wire/bank transfer to MOBE. (*Id.* at ¶ 2) Plaintiff alleges that "over the last 3 years" she lost "more than $50,000" or "more than $60,000" to MOBE. (*Id.* at ¶¶ 5, 12, 30, 31)

Plaintiff alleges she is entitled to recover her loss under insurance policies purchased by Wells Fargo. (*Id.* at ¶¶ 3-4, 16-26) She alleges that Wells Fargo was insured by National Union (also referred to as AIG) under either a commercial crime policy or a primary crime policy and insured by an anonymous undisclosed insurer under an excess fidelity and crime policy (together "the policies").[2] (*Id.* at ¶¶ 16, 25) Plaintiff does not identify the policies by policy number; rather, she asserts without any specificity only that National Union issued to Wells Fargo a "Commercial Crime Policy, similar in type and terms as standard policy No. 01-3171574." *Id.* at ¶ 16. The Complaint alleges that the policies insure against computer fraud and "funds transfer fraud. (*Id.* at ¶ 17)

As to computer fraud, the policies allegedly agree to pay for loss of money "resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside [the bank]" to a person or place outside the bank. (*Id.* at ¶ 18) As to funds transfer fraud, the policies allegedly agree to pay for loss of funds resulting from a "fraudulent instruction" directing a financial institution to transfer funds from its transfer account. (*Id.* at ¶ 21)

---

[2] While Plaintiff references the excess policy, her allegations indicate that her losses do not trigger coverage under the excess policy. (*Id.* at 7)

In her "fraud incident" notice to Wells Fargo, Plaintiff sought a refund of monies sent to a third party through Wells Fargo. (D.I. 2 at ¶ 34; D.I. 15-1 at 2-9) The notice states, "[u]nique to this transaction, I instructed a transaction involving use of my account to pay on an account (debit) transaction from my account as a client and customer" of Wells Fargo. (D.I. 15-1 at 5) Wells Fargo responded to the fraud claim that Plaintiff "authorized a wire transfer for $59,071 for the benefit" of MOBE, adding "[a]s the money will not be returned from the receiving bank, we are not able to reimburse you." (*Id.* at 10)

Plaintiff alleges that she provided information to Wells Fargo and National Union "as requested, orally and in writing, and submitted a formal proof of loss in 2018, and 2019." (*Id.* at ¶ 34) She alleges that in response, Wells Fargo and National Union "wrongly denied coverage". (*Id.* at ¶¶ 76, 80)

Plaintiff seeks declaratory relief, actual damages, treble damages, and all damagers recoverable under the Delaware Insurance Code. (*Id.* at Relief Sought at 18-19)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

3

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the court "may consider documents that are attached to or submitted with the complaint . . . 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d

Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Wells Fargo[3] and National Union move to dismiss on the grounds that: (1) the Complaint fails to state claims against them based upon a right to recover under the insurance policies; and (2) Plaintiff fails to state a claim under the Delaware Insurance Code. (D.I. 14 at 12, 15; (D.I. 27 at 11, 14)

### A. Right to Recover under the Insurance Policies

Defendants argue that all claims seeking recovery based upon Wells Fargo's contracts of insurance with National Union and an anonymous undisclosed insurer fail because the Complaint does not allege sufficient facts that Plaintiff has any rights under the insurance contracts. Defendants contend there are no allegations that Plaintiff is a named insured, a third-party beneficiary, or an assignee or judgment creditor and, therefore, has no status to recover under the insurance policies.

To establish standing for a breach of an insurance policy contract claim, the plaintiff must either: (1) be an insured under the policy or (2) be a third party beneficiary of the policy. *See Harner v. Westfield Ins. Co.*, 2018 WL 6721765, at *n.40 (Del. Super. Ct. Dec. 12, 2018). The Complaint does

---

[3] The Court may consider the documents provided with Wells Fargo's Motion to Dismiss even though Plaintiff failed to attach them to her Complaint, given that her claims are based on the documents. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

not allege that Plaintiff is an insured under any policy. Rather, the Complaint alleges that Wells Fargo is the named insured under the insurance policies. (D.I. 2 at ¶ 4)

Nor does the Complaint plead facts that Plaintiff was identified in the contract or plead facts that create a reasonable inference that she was an intended beneficiary. *See Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531 (Del. Super. Ct. 1990). "It is settled law in Delaware that a third-party may recover on a contract made for his benefit." *Delmar News*, 584 A.2d at 534. If the contracting parties did not intend for the third party to gain a benefit, then the contract does not give any rights to the third party. *See Insituform of N. Am., Inc. v. Chandler*, 534 A.2d 257, 269 (Del. Ch. 1987). In addition, without explicit language in the policy stating otherwise, Plaintiff is not a party to the insurance policy contracts; nor is she a third-party beneficiary. *See Del Collo v. Houston*, 1986 WL 5841 (Del. Super. Ct. 1986). Here, the insurance policy expressly provides that "nothing in this policy is intended to confer a directly enforceable benefit on any third party other than an insured." (D.I. 16 at 35, ¶ 5.22 Third Parties)

Finally, "in the absence of the status as a named party or a third party beneficiary, an allegedly injured party may only recover under an insurance policy when there has been an assignment or when the injured party is a judgment creditor." *O/E Sys., Inc. v. Inacom Corp.*, 179 F. Supp. 2d 363, 367 (D. Del. 2002). There are no allegations that Plaintiff received an assignment of any rights or that she is a judgment creditor of an insured under any policy.

For the reasons discussed, the Court will grant the motions to dismiss all claims that seek a right to recover under the insurance policies.

## B.     Delaware Insurance Code

The Complaint raises claims against Defendants based upon the Delaware Insurance Code. Both Wells Fargo and National Union argue that the Delaware Insurance Code does not provide a private right of action. The Complaint alleges that Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of her claim and failed to comply with deadlines of the Insurance Code. (D.I. 2 at ¶¶ 76, 80)

There are no allegations that Wells Fargo is engaged in the business of insurance; rather it is alleged that Wells Fargo is a banking and financial institution. (*Id.* at ¶ 10a) Consequently, the Delaware Insurance Code does not apply to Wells Fargo. *See Harrison v. United Water of Del., Inc.*, 2001 WL 1381238, at *1, 783 A.2d 124 (Del. 2001) (Table) ("[T]he statutory violations, claimed by [plaintiff] do not appear to have any relevance to defendants-appellees since there is no evidence they were ever engaged in the business of insurance.")

Second, the Complaint does not speak to any particular section of the Code, leaving the Court to guess under what section of Title 18 of the Delaware Insurance Code Plaintiff attempts to raise claims. Plaintiff seems to be raising a claim that Defendants did not attempt in good faith to effectuate fair and equitable settlements. However, Delaware courts have repeatedly held that 18 Del. C. § 2301, *et seq.* (Unfair Practices in the Insurance Business), and specifically § 2304(16) (Unfair Claim Settlement Practices), do not provide for a private cause of action. *See Price v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1213292, at *14 (Del. Super. Ct. Mar. 15, 2013), *aff'd*, 77 A.3d 272 (Del. 2013).

Finally, the claims under the Delaware Insurance Code are conclusory and not supported by the facts. *See Iqbal*, 556 U.S. at 678 (stating that complaint will not suffice if it "offers [merely] 'labels

7

and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557).

The Complaint fails to state a claim under the Delaware Insurance Code and, therefore, Defendants' motions to dismiss the claims will be granted.

### C. Unknown Insurers of Wells Fargo Bank

This case has been pending since December 3, 2019 and Plaintiff has failed to identify Defendant Unknown Insurers of Wells Fargo Bank. Even had Plaintiff identified this defendant, as discussed above, her claims fail. Therefore, the Unknown Insurers will be dismissed.

### V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants motions to dismiss (D.I. 13, 26); and (2) dismiss Unknown Insurers of Wells Fargo Bank.

An appropriate Order will be entered.